IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' complaint be and is DISMISSED without prejudice.

COMMITTEE FOR A FREE NAMIBIA, Plaintiff,

v.

SOUTH WEST AFRICA PEOPLE'S ORGANIZATION, Defendant.

Civ. A. No. 82–1241.

United States District Court, District of Columbia.

Dec. 16, 1982.

Thomas C. Henry, Shipley, Smoak & Henry, Washington, D.C., for plaintiff.

Robert P. Watkins, Cynthia C. Cannady, Williams & Connelly, Washington, D.C., for defendant.

## MEMORANDUM ORDER OF DISMISSAL

BARRINGTON D. PARKER, District Judge.

Plaintiff, Committee for a Free Namibia, is a voluntary group of Americans brought together by a common interest in helping to obtain the independence of Namibia, a territory in Africa. It seeks to keep Namibia free from external domination or control by defendant South West Africa People's Organization ("SWAPO"). The particular relief sought is an order enjoining SWAPO from acting as a foreign agent until such time as it complies with the requirements of the Foreign Agents Registration Act of 1938 ("FARA"), 22 U.S.C. §§ 611–21, which requires, *inter alia,* that agents representing foreign interests file registration statements and reports with the Justice Department. Plaintiff alleges that SWAPO has filed false statements and omitted material facts.

The defendant has moved to dismiss under Rule 12, Fed.R.Civ.P., on several grounds: lack of standing to sue; absence of express or implied statutory authority to maintain the action; absence of federal question or diversity jurisdiction; absence of personal jurisdiction over the defendant; absence of an actual controversy between the parties; and nonjusticiability since the case poses a political question. The defendant also seeks an award of costs and attorney's fees, arguing that plaintiff has failed to comply with Rule 11, Fed.R.Civ.P., by instituting a proceeding which has at its base a frivolous contention.

The Court concludes that the plaintiff lacks standing to pursue this proceeding and that its asserted cause of action is not authorized by statute. The case should therefore be dismissed.[1] The reasons for this determination are set out below.

1. Since the Court concludes that plaintiff lacks standing and that a private cause of action cannot be inferred under FARA, it is unnecessary to assess the additional bases of defend-

### 1.

█ A plaintiff lacks standing to sue under Article III of the Constitution if it fails to demonstrate actual injury to its interests which is traceable to the defendant and which may be redressed through the requested relief. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). For standing purposes, it is insufficient for a plaintiff to assert a generalized injury or grievance shared by the public generally. *Warth v. Seldin,* 422 U.S. at 499, 95 S.Ct. at 2205; *Sierra Club v. Morton,* 405 U.S. 727, 740, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972). Any such injury asserted by a plaintiff must constitute a specific personal injury directly to that party in order to confer standing.

Plaintiff claims both a general and "specific" interest: that it is "a voluntary group of Americans and others having a common interest in helping Namibia achieve independence free from external domination or control by [SWAPO]" (*see* Amended Complaint at ¶ 2, July 22, 1982), and that it has incurred "a direct injury to the committee member's [sic] right to know the information required to be disclosed by SWAPO" pursuant to FARA (Plaintiff's Opposition to Defendant's Motion to Dismiss at 1, September 23, 1982). Neither of plaintiff's articulated interests distinguishes it from the general public.[2] It is not within the particular zone of interests protected by FARA. *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

█ Coupled with the requirement that a plaintiff demonstrate a personal stake in the outcome is the additional standing requirement that the plaintiff show a direct connection between the injury and the alleged conduct. Thus the plaintiff must show "a 'substantial likelihood' that the relief requested will redress the injury claimed . . . ." *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. at 75 n. 20, 98 S.Ct. at 2631 n. 20. Here the plaintiff seeks relief enjoining SWAPO from acting as a foreign agent, yet it is not clear that plaintiff has a right to such relief or that it would indeed remedy the alleged injury. To allow this case to proceed would contravene the critical Article III standing

ant's motion to dismiss. Several of those claims, however, also have merit. Plaintiff's contention that federal question jurisdiction exists because its claim arises under FARA is insufficient since plaintiff has failed to indicate in what manner its particular claim is established or encompassed by the statute. Even if diversity jurisdiction exists in this case, plaintiff has failed to allege sufficient facts to satisfy the personal jurisdiction requirements of D.C. Code § 13–423. Plaintiff baldly asserts that defendant's political ties to this jurisdiction satisfy those requirements. That assertion alone does not satisfy the due process standard of *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Court also concludes that an award of attorney's fees and costs is unwarranted. Defendant claims that plaintiff filed a similar suit against the Department of State which was dismissed on standing and political question grounds. (*See* Exhibit 3 to Defendant's Motion). Although there is a similarity of claims, plaintiff's complaint in this action cannot fairly be characterized as "sham and false" under Rule 11, Fed.R.Civ.P.

2. *See* Plaintiff's Amended Complaint at ¶ 10. It also states at ¶¶ 8–9:

> Plaintiff alleges that this action is necessary in order to protect its members, their families and their property from the adverse impact which would arise should the Soviet-proxy terrorist forces of "SWAPO" gain control of Namibia.
>
> \* \* \* \* \* \*
>
> Plaintiff and its members allege that they have a special interest in a free Namibia because of the U.S. national security interest in an independent Namibia free from Soviet influence and control. Namibia has within its boundaries at Walvis Bay a deep water port capable of use as a base for Russian nuclear submarines which would be in a position to bisect the oil lifeline from the Persian Gulf to the NATO countries of Western Europe and to intercept the 26,000 ships which carry 70% of the strategic minerals and oil needed by NATO countries around southern Africa each year, and Namibia is rich in natural resources including the world's largest uranium mine . . . all of which are critical to the security of the industrial nations of the West.

prerequisite that the case present an actual case or controversy. *Id.*[3] It should also be noted that FARA specifically provides for enforcement of its provisions and assigns that task to the Department of Justice. 22 U.S.C. § 618.[4]

### 2.

Even if plaintiff could satisfy the Article III requirements, it has failed to advance any more than a superficial showing that it is impliedly authorized by statute to maintain this action. Where, as plaintiff concedes in this case, a party cannot point to express statutory authority to pursue a claim, courts have recognized the existence of an implied private right of action in limited circumstances. *J.I. Case v. Borak,* 377 U.S. 426, 84 S.Ct. 1556, 12 L.Ed.2d 423 (1964).

The Supreme Court has noted four criteria to be considered in assessing whether an implied private right of action exists:

> First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," ... that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States...?

*Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) (citations omitted and emphasis in original). Plaintiff does not explicitly address these criteria and it cannot do so successfully; rather, it contends only that Congress never intended to deny a private cause of action and that FARA's purposes include public disclosure of foreign agent registration statements.

Consideration of the three *Cort v. Ash* criteria which are applicable leads to the conclusion that no implied action exists. FARA's purpose is to provide a centralized reporting system to track the activities of agents acting on behalf of foreign countries. *See Attorney General of the U.S. v. Covington & Burling,* 411 F.Supp. 371, 376 (D.D.C.1976). The Act provides a general benefit to the public rather than any special category of persons such as the plaintiff committee. Furthermore, plaintiff cannot point to any language in the statute or its legislative history which suggests that Congress intended to establish a cause of action in any entity other than the federal government. Indeed, the enforcement provisions established for that purpose are broad and clearly contemplate remedying a variety of deficiencies including defendant's alleged misconduct. An implied private cause of action is not consistent with the legislative scheme; it would only serve to create in private parties *some* of the authority explicitly assigned *only* to the federal government.

### 3.

Although it need not be reached in light of the above holding, the Court addresses the political question issue raised by the defendant's motion to dismiss. The Supreme Court has held that courts are not empowered to resolve a dispute if there is a "textually demonstrable commitment of an issue to a coordinate political department." *Baker v. Carr,* 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962). Under FARA's provisions, the Executive Branch, through the Attorney General, is responsi-

---

**3.** For the same reason, the Declaratory Judgment Act, 28 U.S.C. § 2201, provides no cause of action. *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 242–43, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952).

**4.** FARA authorizes the Attorney General to prosecute criminally anyone who willfully violates the Act's requirements by filing false or misleading statements of material fact. 22 U.S.C. § 618(a). In addition, the Attorney General may seek injunctive relief against those parties who fail to comply with the Act. 22 U.S.C. § 618(f). The Act includes no additional enforcement provisions which may be construed as empowering any party other than the Attorney General to initiate proceedings. *See* Plaintiff's Opposition at 3.

ble for administering and enforcing all of the provisions of the Act. The statute could not be clearer in that regard; moreover, plaintiff's claim in this proceeding presents the very issue which FARA entrusts to the Attorney General to detect and remedy.

Plaintiff contends, in response to defendant's assertion that this proceeding presents a political question, that "[a]ll [it] seeks is a determination as to whether SWAPO has complied with the requirements of the FARA." (Plaintiff's Opposition at 5). It adds that FARA confers jurisdiction on the district courts for such actions pursuant to 22 U.S.C. § 618(f). However, that provision merely provides for jurisdiction over claims advanced by the federal government. The decisions to bring such a proceeding and seek this type of relief are distinctly left within the discretion of the Attorney General.

In sum, the plaintiff lacks standing to sue. It cannot allege a substantial personal stake in the outcome or a substantial likelihood that the requested relief will indeed redress the alleged injury. The plaintiff has not advanced anything more than a generalized grievance which the Supreme Court has consistently held is insufficient to confer standing. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343; *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636. Furthermore, plaintiff is unable to satisfy the *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26, standard for asserting an implied private cause of action under FARA.

Accordingly, it is this 16th day of December 1982,

ORDERED that defendant's motion to dismiss is granted and the complaint herein is dismissed with prejudice.